**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Seneca Covington<br>William E. Covington<br>　　　　　　Debtor(s) | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br>　　　　　Secured Creditor<br>　　vs. | NO. 21-10693 ELF |
| Seneca Covington<br>William E. Covington<br>　　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　　Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. PNC BANK, NATIONAL ASSOCIATION (hereinafter referred to as "Secured Creditor") filed a secured Proof of Claim, Number 23, on May 25, 2021 with a total claim of $29,274.51.

2. Secured Creditor's Proof of Claim is secured by the Property located at 5841 Cobbs Creek Parkway, Philadelphia, PA 19143 (hereinafter referred to as "the Property").

3. Secured Creditor filed an Objection to Debtors' Chapter 13 Plan on June 3, 2021.

4. Now in resolution of Secured Creditor's Objection to Debtor's Plan, the Parties hereby agree upon the following:

   a. Debtor, William E. Covington, is an intestate heir of the original mortgagor, Elizabeth Daniels, of Secured Creditor's Proof of Claim, who is deceased.

   b. Debtor has no interest or intent in raising or probating an estate for Elizabeth Daniels.

   c. Debtor has no interest in obtaining or retaining the Property securing Secured Creditor's Proof of Claim.

    d.    Debtor is not personally liable for secured claim.

    e.    Therefore, the Property is not a part of the bankruptcy estate within the underlying bankruptcy.

    f.    Therefore, the automatic bankruptcy stay does not apply to any action, including any foreclosure or possession action, taken with regards to the Property and/or Secured Creditor's claim.

    g.    Upon Court approval of this Stipulation, Secured Creditor shall withdraw its Objection to Confirmation.

    h.    This Stipulation does not dismiss Debtor as a defendant within the pending foreclosure action.

5.    The Parties agree that a facsimile signature shall be considered an original signature.

Date: August 13, 2021            /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Secured Creditor

Date: August 17, 2021            /s/ David M. Offen, Esquire
David M. Offen Esq.
Attorney for Debtor(s)

*No objection to its terms, without prejudice to any of our rights and remedies

Date: August 18, 2021            /s/ LeRoy W. Etheridge, Esquire, for*
William C. Miller Esq.
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank